UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60941-CIV-DIMITROULEAS

MATTHEW BENTLEY, as an individual,

    Plaintiff,

vs.

BANK OF AMERICA, N.A., a corporation
and BAC HOME LOANS SERVICING, L.P.,
a limited partnership,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint or in the Alternative for a More Definite Statement [DE-24], filed herein on December 7, 2010.  The Court has carefully considered the Motion, Plaintiff's Opposition [DE-33], Defendants' Reply [DE-35], and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff commenced the instant action on June 4, 2010 [DE-1].  Plaintiff subsequently amended his complaint two times [DE-15, 22].  In the second amended complaint ("Complaint") Plaintiff asserts five counts for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55-559.785 ("FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), invasion of privacy, as well as a claim for declaratory relief and a permanent injunction under 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the federal claims in this case pursuant to 15

U.S.C. § 1692(k)(d) and 28 U.S.C § 1337(a), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C § 1367.

The instant action stems from Plaintiff's home mortgage debt as to an Arizona residence. [DE-22, ¶ 7]. Plaintiff alleges that Defendant Bank of America, N.A. currently services two mortgages on Plaintiff's Arizona residence. *Id.* at ¶ 15. Plaintiff further attaches loan statements to the Complaint indicating that as of December 2009 Defendants had servicing rights to Plaintiff's loan. [DE-22-1].[1] Plaintiff alleges that in February of 2010 he fell behind in his mortgage payments and that in March of 2010 Defendants commenced attempts to collect on the debt. [DE-22, ¶¶ 20, 22].

## II. DISCUSSION

**A.     Motion to Dismiss Standard**

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, pursuant to *Twombly*, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his

---

[1] Having attached the loan statements to the Complaint, pursuant to Federal Rule of Civil Procedure 10(c), they are "part of the pleading for all purposes."

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

**B.      Defendants' Motion to Dismiss**

Defendants filed the instant Motion on December 7, 2010, arguing that the Complaint should be dismissed on the following grounds: (1) the Complaint is inadequately pled and violates Rule 8(a)(2) by failing to identify the essentials as to the debt and improperly lumping Defendants together; (2) failure to state a claim under the FDCPA since Defendants are not debt collectors under the FDCPA; (3) failure to state a claim under the FCCPA since Defendants are not debt collectors under the FCCPA and the claim lacks the required factual allegations; (4) failure to state a claim under the TCPA since Defendants are exempted under the TCPA due to the existence of an established business relationship and the claim lacks the required factual allegations; (5) failure to allege any oppressive treatment to support a claim for invasion of privacy; and (6) the declaratory relief claim fails as there is no controversy, sufficient immediacy or need for a declaratory judgment.

**1.      Failure to State a Claim Under the FDCPA**

"In order to prevail on an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt

collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000) (internal citations omitted). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, "[u]nder the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned." *Reese v. JPMorgan Chase & Co.,* 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009) (dismissing the FDCPA claim with prejudice where the complaint indicated that the defendants were creditors and mortgage servicers and, thus, were specifically excluded under the FDCPA); *see also Locke v. Wells Fargo Home Mortg.,* Case No. 10-60286-CIV, 2010 WL 4941456, at *2 (S.D. Fla. Nov. 30, 2010) (dismissing FDCPA claim with prejudice and holding that "[s]ince Wells Fargo was the mortgage company servicing the Plaintiff's mortgage, it cannot be liable as a 'debt collector' under section 1692").

Although Plaintiff alleges in the Complaint that Defendants are "debt collectors" [DE-22, ¶ 11], Plaintiff also alleges that Defendant Bank of America currently services two mortgages on Plaintiff's Arizona residence, *Id.* at ¶ 15, and Plaintiff attaches loan statements to the Complaint indicating that as of December 2009 Defendants had servicing rights to Plaintiff's loan, [DE-22-1]. Further, Plaintiff alleges that he did not fall behind in his mortgage payments until February of 2010, after Defendants admittedly already obtained servicing rights to Plaintiff's loan. [DE-22, ¶ 20]. In his Opposition, importantly, Plaintiff does not address the exclusion of mortgage

4

servicers from application of the FDCPA or otherwise demonstrate how Defendants are debt collectors covered under the FDCPA.  Instead, the Complaint clearly establishes that neither Defendants are "debt collectors" as contemplated by the statute which explicitly excludes mortgage servicing companies where the debt was not in default at the time it was assigned and, therefore, the FDCPA claim in count I is dismissed with prejudice.

### 2.     Failure to State a Claim under the FCCPA

Plaintiff alleges that Defendants violates section 559.72(7), 559.72(9), and 559.72(18) of the FCCPA.  In pertinent part, the FCCPA provides that in collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. § 559.72(7), (9) and (18).

Florida Statute § 559.55(6) defines the term "debt collector" as "any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another."  Courts have concluded that the language of Fla. Stat. § 559.55(6)(f) identifying those who are excluded from the definition of a debt collector in Florida mirrors the language defining a debt collector in the FDCPA.  *See Reynolds v. Gables Residential Servs., Inc.,* 428 F. Supp. 2d 1260, 1265 (M.D. Fla. 2006).  Therefore, much like the FDCPA, the statute specifically provides that the term "debt collector" does not include

> Any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; concerns a debt which was originated by such person; concerns a debt which was not in default at the time it was obtained by such person; or concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

Fla. Stat. § 559.55(6)(f).  Based upon this language Defendants argue that they are not debt collectors and, therefore, the FCCPA claim should be dismissed with prejudice.

In his Opposition, Plaintiff argues that there is one important distinction between the FDCPA and the FCCPA – that is, the FCCPA is not restricted to debt collectors, as Fla. Stat. § 559.72(7) specifically provides that "in collecting consumer debts, *no person shall . . .*" engage in the prohibited collection practices delineated in the statute.  *See Schauer v. General Motors Acceptance Corp.,* 819 So. 2d 809, 812 (Fla. 4th DCA 2002) (concluding that the FCCPA "is not restricted to debt collectors" as it "mandates that no person shall engage in certain practices in collecting consumer claims whether licensed by the division or not").  Defendants have not responded to this argument or otherwise demonstrated that they are not "persons" covered under the statute and, therefore, the Court is not persuaded that Defendants have demonstrated that the FCCPA claim should be dismissed with prejudice on this ground.

On the other hand, Defendants also contend that the FCCPA claim lacks the required factual allegations as Plaintiff does not allege which Defendant called him, the specific substance of any call, how the calls were harassing, the legal right asserted, why the legal right did not exist, Defendants' relationship to him, the amount of the debt, or the instrument reflecting the debt. To establish a violation under section 559.72(9) of the FCCPA, "it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv., LLC,* Case No. 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009). "To plead a FCCPA claim, a party must allege 'knowledge or intent by the debt collectors in order to state a cause of action.'" *Reese,* 686 F. Supp. 2d at 1309 (internal citations omitted) (dismissing FCCPA claim with prejudice where the plaintiff failed to plead any facts that the defendants had knowledge that they were pursuing a debt that they were not legally entitled to). Moreover, courts have held that a "demand for payment upon a legitimate debt will not support a claim under section 559.72(9)." *Locke,* 2010 WL 4941456, at *3 (holding that nothing in the FCCPA prevented Wells Fargo from attempting to collect on the outstanding amounts owed by the plaintiff for their mortgage loan).

As in *Reese,* Plaintiff simply makes the conclusory allegation that Defendants (again improperly lumping them together) "knew they did not have a legal right to use such collection techniques," without any specific factual allegations as to each Defendants' knowledge, much less what legal right was asserted and how that legal right somehow did not exist. In fact, Plaintiff admits that he had a mortgage loan [DE-22, ¶ 12], that he defaulted on the loan, *id.* at ¶ 20, and that Defendants have servicing rights as to that loan, *id.* at ¶ 15; [DE-22-1]. As such, it is unclear to the Court what illegitimate debt Defendants are alleged to have attempted to enforce or

a how Defendants asserted legal rights that did not exist in violation of section 559.72(9).
Regardless, such conclusory allegations are clearly insufficient under *Twombly*, and fail to put
Defendants on notice as to the specific violations alleged against each of them.  As such,
Plaintiff's claim for violation of section 559.72(9) of the FCCPA in count II is hereby dismissed
without prejudice.  If Plaintiff attempts to amend this claim he must delineate the conduct at
issue as to each Defendant, allege facts showing knowledge or intent as to each Defendant, and
identify facts showing how the debt at issue was illegitimate or what legal right was asserted and
how that legal right somehow did not exist as to each Defendant.

In regard to Plaintiff's claims under sections 559.72(7) and 559.72(18), the Court finds
that these claims likewise should be dismissed without prejudice as Plaintiff improperly lumps
Defendants together in these claims despite that Defendants are separate and distinct legal
entities.  In regard to the section 559.72(7) claim, Plaintiff alleges that "Defendants have on
many occasions called Plaintiff directly, multiple times a day, attempting to collect the debt,"
[DE-22, ¶ 61].  Similarly, in regard to the section 559.72(18) claim, Plaintiff alleges that he
"communicated to Defendants he was represented by counsel and requested that all information
be forwarded to counsel from then on," but that "Defendants . . .still incessantly call Plaintiff,
multiple times a day." *Id.* at 68, 70.  Yet there are no factual allegations showing which
Defendant made the purportedly harassing calls or contacted Plaintiff.  Instead, Plaintiff
improperly lumps Defendants together such that Defendants do not have notice of the purported
conduct they are alleged to have committed.  It is inconceivable to the Court that both
Defendants could have somehow made each alleged call, yet that is exactly what Plaintiff appears
to be alleging.  As such, the claims under sections 559.72(7) and 559.72(18) are dismissed

without prejudice.  If Plaintiff elects to amend these claims he must treat each Defendant as a separate and distinct legal entity and delineate the conduct at issue as to each Defendant.

### 3. Failure to State a Claim under the TCPA

Plaintiff alleges that Defendants violated sections 227(b)(1)(A) & (B) of the TCPA which makes it unlawful

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(b)(1)(A), or

> to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications] Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B).

The Eleventh Circuit has noted that the Federal Communications Commission ("FCC") exempts from the TCPA's statutory prohibition in 47 U.S.C. § 227(b)(1)(B) "any call 'made to any person with whom the caller has an established business relationship at the time the call is made[.]'" *Meadows v. Franklin Collection Serv., Inc.,* Case No. 10-13474, 2011 WL 479997, at *4 (11th Cir. Feb. 11, 2011) (quoting 47 C.F.R. 64 1200(a)(2)(iv)).  "The FCC has also clarified that 'all debt collection circumstances involve a prior or existing business relationship.'" *Id.* (internal citations omitted).  As explained above, Plaintiff clearly had an established business relationship with Defendants  – borrower and loan servicers – at the time the calls were

9

commenced in 2010. [DE-22, ¶¶ 12, 15, 20, 22; 22-1]; *see also Sardinas v. Geithner,* 2:10-CVB-501JCM, 2010 WL 2696626, at *3 (D. Nev. July 6, 2010) (dismissing TCPA claim based upon existence of established business relationship with the consumer). As such, to the extent Plaintiff attempts to assert a claim against Defendants under 47 U.S.C. § 227(b)(1)(B) in count III, such a claim is dismissed with prejudice based upon the FCC's exemption for established business relationships.

In comparison, Defendants have cited to no authority demonstrating that the exemption of section 227(b)(1)(B) for an established business relationship likewise applies to claims brought under section 227(b)(1)(A). In the absence of such authority, and when considering that the exemption appears to only qualify the language of section 227(b)(1)(B), the Court is not persuaded at this time that the exemption similarly applies to section 227(b)(1)(A). Plaintiff alleges that Defendants "used an automatic telephone dialing system or prerecorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone." [DE-22, ¶ 23]. Plaintiff then proceeds to identify specific dates upon which he purportedly received calls from Defendants. *Id.* at ¶¶ 28-32. However, nowhere in the Complaint does Plaintiff identify which Defendant made each call, but instead he simply lumps the Defendants together despite that they are separate and distinct legal entities. As such, the Court finds that to the extent Plaintiff attempts to assert a claim against Defendants under 47 U.S.C. § 227(b)(1)(A) in count III, such a claim is dismissed without prejudice for improperly lumping together Defendants such that Defendants do not have fair notice of the precise nature of the violation that is claimed against them.

4.      **Failure to State a Claim for Invasion of Privacy**

Plaintiff alleges that "oppressive treatment of a debtor by a creditor in attempting to collect even a just debt may be an invasion of privacy." [DE-22, ¶ 80 (quoting *Brandt v. I.C. System, Inc.,* Case No. 8:09-cv-126-T-26MAP, 2010 WL 582051, at *3 (M.D. Fla. Feb. 19, 2010). Therefore, in reliance upon this authority, Plaintiff alleges that Defendants' "intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect alleged debts via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff'[s] privacy, seclusion and solitude," which caused "harm to Plaintiff'[s] emotional well being . . ." [DE-22, ¶¶ 82-83]. Defendants argue that Plaintiff has failed to allege that he suffered any "oppressive treatment" such that the Court should dismiss his claim. The Court finds that the issue of whether Plaintiff has sufficiently alleged "oppressive" conduct by Defendants to support a claim for invasion of privacy involves a factual issue that is better suited for a later stage in the litigation. Nonetheless, the Court finds that in count IV, Plaintiff has once again improperly lumped Defendants together such that it is impossible to determine which Defendant's conduct caused the purported invasion of privacy. As such, this claim is dismissed without prejudice. As discussed above, if Plaintiff amends this count he must include factual allegations identifying the conduct at issue as to each Defendant.[2]

5.      **Failure to State a Claim for Declaratory Relief**

In count V, Plaintiff seeks a declaration that Defendants' practices are in violation of the FDCPA, FCCPA and the TCPA and a permanent injunction prohibiting Defendants from

---

[2] In addition, the Court notes that if Plaintiff is unable to properly amend his complaint to state a claim for violation of the FCCPA or the TCPA, it is unclear how Defendants' would have engaged in "illegal means" to invade Plaintiff's privacy as alleged in the present Complaint.

continuing to engage in violative practices.  At the outset, the Court notes that having dismissed the FDCPA, the FCCPA and the TCPA claims there is no basis for the Court to declare Defendants to have violated these statutes or to impose a permanent injunction.  As such, this claim is dismissed.  Moreover, although equitable relief is available under the FCCPA, *see Berg v. Merchs. Ass'n Collection Div.,* 586 F. Supp. 1336, 1345 (S.D. Fla. 2008), the Court notes that "equitable relief is not available to an individual under the civil liability section of the [FDCPA]," *Sibley v. Fulton Dekalb Collection Serv.,* 677 F.2d 830, 834 (11th Cir. 1982).  Finally, the Court notes that while it may not be impermissible for Plaintiff to seek equitable relief in a separate count, *see Dennis v. Regional Adjustment Bureau, Inc.,* No. 09-61484-CIV, 2010 WL 3359369, at *4 (S.D. Fla. July 7, 2010), it would have been better for Plaintiff to have simply have sought equitable relief under those corresponding sections of the Complaint.

### III.  CONCLUSION

Accordingly, based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint or in the Alternative for a More Definite Statement [DE-24] is hereby **GRANTED**;

2. The Second Amended Complaint [DE-22] is hereby **DISMISSED** in its entirety as follows:

   a. The FDCPA claim in count I is hereby **DISMISSED with prejudice**;

   b. The FCCPA claims under sections 559.72(7), (9) and (18) in Count II are hereby **DISMISSED without prejudice**;

   c. The TCPA claim under 47 U.S.C. § 227(b)(1)(B) in count III is hereby **DISMISSED with prejudice**;

      d.      The TCPA claim under 47 U.S.C. § 227(b)(1)(A) in count III is hereby **DISMISSED without prejudice**;

      e.      The claim for invasion of privacy in count IV is hereby **DISMISSED without prejudice**;

      f.      The claim for declaratory relief in count V is hereby **DISMISSED without prejudice**.

3.    Plaintiff may file an amended complaint, in accordance with the express parameters of this Order, on or before April 4, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 23rd day of March, 2011.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

13